WILLIAM SLAVIZ, as Administrator, etc., of NICOLA DI PRETE, Deceased, Respondent, v. RODGERS & HAGERTY, INC., Appellant.

First Department, December 7, 1917.

**Master and servant — negligence — injury by overturning of tram car — evidence not justifying recovery.**

Action to recover for the death of the plaintiff's intestate who, while engaged in dumping cars used to convey earth excavated from a tunnel, was killed by the car tipping and falling from the track after it had been dumped by the plaintiff and his fellow-servants. It was charged that the accident was caused by a defect in the ways, works and machinery caused by the defendant or its superintendent in allowing dirt to become frozen and to remain in the car, thus causing a lack of balance leading to the accident. Evidence examined, and *held*, insufficient to show that there had been any weather prior to the accident by reason of which dirt could have been frozen to the side of the car, or a condition such as to put the defendant's foreman upon his guard to watch for any such possible danger, and that a verdict for the plaintiff based upon a finding that the foreman was negligent was without support in the evidence.

APPEAL by the defendant, Rodgers & Hagerty, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 10th day of March, 1917, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 13th day of March, 1917, denying defendant's motion for a new trial made upon the minutes.

*Frank Verner Johnson,* for the appellant.

*Charles K. Carpenter,* for the respondent.

Smith, J.:

The defendants were contractors upon subway work in the borough of The Bronx. In the process of this work earth was taken from a tunnel by means of a train of dump cars on a temporary track to a point north of One Hundred and Fifty-second street, where it was the duty of the deceased and of his fellow-workmen to dump the cars, under the supervision of a foreman named Durney. Upon the day in question a load of four cars filled with dirt was brought out upon the track.

The plaintiff's intestate and two others took out the pins and proceeded to tip up the side of the car so that it might be dumped upon the other side of the track. When they let go, the body of the car fell back in place with such force as to tip the car off from the track upon the near side, falling upon the plaintiff's intestate and causing his death. This accident is claimed to be due to the fact that there was in this car upon this near side dirt or earth frozen to the side of the car in such quantity as to cause it to be unbalanced, and by reason of its extra weight on that side, to have caused the car to tip towards the deceased and others who were dumping the same upon its return to position. The plaintiff charges that the accident was caused by a defect in the ways, works and machinery, caused by the defendant or a superintendent allowing this dirt to become frozen and to remain in the car in this condition, thus causing the lack of balance of the car. In the charge of the court the case was submitted to the jury upon the negligence of the defendant in the matter of the ways, works and machinery, and of such negligence having been caused by the superintendent, and in a request to charge the court clearly charged the jury that the plaintiff could recover, if at all, only by reason of the negligence of the defendant's superintendent. The plaintiff offered in evidence the weather reports for the time in question and two days preceding. These weather reports do not show such a condition of the weather as would cause a hard freezing of the earth to the side of the car, so that it was difficult to get it out with a pick, as its condition was sworn to. It seems that three days before the accident the weather was below zero, at which time earth might well have frozen to the car. The weather report for this day was, however, excluded by the trial court.

Under the charge as finally made this judgment must stand if at all upon the proven negligence of the foreman.

I am unable to find any evidence in this case of any negligence on the part of the foreman. The evidence of the plaintiff's witnesses is that the car when it came upon the dump loaded presented no sign of danger. Plaintiff's witness swears that the car was not loaded upon one side more than upon another; that it was loaded all even; that in looking at it you could only see that there was a pile in the center and the rest of it was all even around. So that there was no indication which would give warning to the foreman that there was any danger in proceeding to dump the car as it was there dumped. The witness who was with the deceased at the time of the accident swears that on the evening of the accident he and the deceased dumped the cars together and that they had left no frozen earth in any car; that the cars were dumped " clean." It is true that there were cars dumped by other men than this witness, but there is no evidence that any dirt was left in a car in a frozen condition or otherwise after it was dumped, and there is no evidence when, if at all, this car had been sent out for dumping prior to this time. Whether or not this condition of the car with the frozen earth upon one side was caused by the failure to completely dump the same or was caused by the freezing of the dirt when put into it, at some prior time, does not appear.

Nor, as the case stands, is there any evidence of any weather condition at any time prior to the accident whereby this earth could have been frozen to the side of the car, and the condition as sworn to could have been caused, or any fact to put the foreman upon his guard to watch for any such possible danger. The plaintiff has recovered upon the finding of the jury that the foreman was himself negligent, which finding is entirely without support in the evidence, and for that reason the judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event. The finding that the foreman was guilty of negligence is reversed.

CLARKE, P. J., SCOTT, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.